# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2016

Lyle W. Cayce
Clerk

No. 16-50024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CONCEPCION HERNANDEZ-GARCIA, also known as Juan
Hernandez-Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-79-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Concepcion Hernandez-Garcia appeals his 52-month sentence, imposed following his guilty plea to unlawful presence in the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(1), (2). His request that this court remand this matter to district court to have a copy of the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50024

amended Presentence Investigation Report (PSR) sent to the Bureau of Prisons is denied as moot.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, application of the Guidelines is reviewed *de novo*; factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Hernandez, however, did not raise three of the following four issues at sentencing. Therefore, for the three issues raised on appeal for the first time, review is for plain error only. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Hernandez must show a forfeited plain ("clear" or "obvious") error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

For the first time on appeal, Hernandez contends his sentence was unreasonable because the advisory Guidelines sentencing range for an illegal-reentry offense, Guideline § 2L1.2, is too high for lack of an empirical basis. He concedes his contention is foreclosed by this court's precedent, but he raises the issue in preservation for possible further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365–67 (5th Cir. 2009).

Hernandez also claims for the first time that § 2L1.2 results in unreasonable sentencing ranges because prior convictions are considered in determining the offense level and the criminal-history category. And, for the

final issue raised for the first time, he contends illegal reentry is no more than international trespass.  These claims do not present plain error.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007); *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006).

As he did in district court, Hernandez asserts his sentence is substantively unreasonable because the court placed too much weight on his criminal history and did not give proper consideration to the mitigating factors presented at sentencing. As noted above, the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard.  *Mondragon-Santiago*, 564 F.3d at 361.

The court's sentencing comments and written statement of reasons reflect reliance on the 18 U.S.C. § 3553(a) factors and consideration of the parties' contentions, including mitigating evidence, and the PSR.  The record reflects an individualized sentencing decision made in the light of the facts of the case.  *See Gall*, 552 U.S. at 49–50.  This court may not reweigh the sentencing factors.  *Id.* at 51.  Hernandez does not rebut the presumption of reasonableness of his Guidelines sentence because he does not demonstrate the court failed to consider any significant factors, considered any improper factors, or abused its discretion in imposing the sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.